IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PORTER FAMILY LIMITED PARTNERSHIP, | )<br>)<br>) |
| Plaintiff, | )<br>) No. 3:21-cv-00871 |
| v. | )<br>) Judge Eli J. Richardson<br>) Magistrate Barbara D. Holmes |
| ST BRANDS, INC., CROPSHARE AMERICA, INC., JASON FRANKOVICH, DAVID CONKLING, | )<br>)<br>)<br>) |
| Defendants. | ) |

## DENIAL OF MOTIONS FOR ENTRY OF DEFAULT

Plaintiff filed two Motions for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a). The first motion seeks entry of default against defendant ST Brands, Inc. ("ST Brands"). (Doc. No. 13). The second motion seeks entry of default against CropShare America, Inc. ("CropShare"). (Doc. No. 14). For the foregoing reasons both Motions for Entry of Default are **DENIED** without prejudice.

I.  **Procedural History**

Plaintiff filed its Complaint on November 18, 2021. (Doc. No. 1). Summonses were issued on November 22, 2021. (Doc. No. 6). The Summons issued to ST Brands was addressed to "ST Brands, Inc., 1309 Coffeen Avenue, Suite 1200, Sheridan, Wyoming 82801" (Doc. No. 6 at PageID # 77). The Summons issued to CropShare was directed to "CropShare America, Inc." at the same Sheridan, WY address. (Doc. No. 6 at PageID # 73). On January 14, 2022, Plaintiff returned the Summonses and executed Proof of Service declarations executed by Chukwudi Echetebu. (Doc. Nos. 10 and 11). On January 26, 2022, Plaintiff filed the pending Motions for

1

Entry of Default. (Doc. Nos. 13 and 14). In support, Plaintiffs also filed the Affidavits of Isaac Connor. (Doc. Nos. 13-1 and 14-1).

## II. Service Upon ST Brands and Crop Share

The Proof of Service declarations as to ST Brands and CropShare state that the companies were served via "Cloud Peak Law Group P.C., who is designated by law to accept service of process." (Doc. No. 10 at Page ID# 88 and Doc. No. 11 at Page ID# 90). Attached to the declarations are Certified Mail return receipts. (Doc. No. 10 at Page ID# 89 and Doc. No. 11 at Page ID# 91). The certified mail return receipts, however, indicate that the parcels were addressed to "ST Brands, Inc." and "CropShare America, Inc." at their principal addresses of "1309 Coffeen Avenue, Suite 1200, Sheridan, WY 82801." *Id.* Information from the Wyoming Secretary of State confirms that Cloud Peak is the registered agent for service of process for both companies, but Cloud Peak's address is 1095 Sugar View Dr. Ste 100, Sheridan, Wy 82801.[1] As a result, it appears that the Certified Mail parcels were sent directly to ST Brands and CropShare instead of to its registered agent for service of process. This fact is not fatal to Plaintiff's efforts to secure entry of default provided the recipients of the Summons and Complaint were authorized to accept process on behalf of the companies pursuant to the applicable rules of civil procedure.

Based upon a review of the Certified Mail receipt to ST Brands, the Clerk cannot determine whether the individual who signed the receipt was authorized to accept service of process of behalf of the Company. The recipient's signature in Section A of the receipt is illegible. Likewise, the information contained in Section B, where the printed name of the recipient is to be included, is

---

[1] *See* https://wyobiz.wyo.gov/Business/FilingDetails.aspx?eFNum=196238093029167081119046118097136195143235065179 and https://wyobiz.wyo.gov/Business/FilingDetails.aspx?eFNum=172070008202039139083113207092065119050115161148 (Last accessed on Feb. 24, 2022).

illegible. The same can be said for the Certified Mail receipt to CropShare. The signature block in Section A contains the handwritten text "MB 6-6." In Section B, recipient name is identified as "Mark B." Although the box "Agent" was checked, Plaintiff provides no evidence that "Mark B" is authorized under Federal, Tennessee, or Wyoming law to accept service on behalf of CropShare.

**III.    Legal Standard and Analysis**

Pursuant to Local Rule 55.01, [m]otions for entry of default against legal entities under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying: (i) proof of service and (ii) the opposing party's failure to plead or otherwise defend. L.R. 55.01. The Clerk finds that Plaintiff has not yet complied with the requirements of Local Rule 55(a)(1). As a result, entry of default against the defendants is inappropriate at this time.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties, by default or otherwise. Proper service under Rule 4 is therefore a necessary prerequisite to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *3 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (internal citations omitted). "The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint and the burden is also on him to establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted). *See also Jones v. Volkswagen of America, Inc.*, 82 F.R.D. 334, 335 (E.D. Tenn. 1978). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). "Failure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(l)(3).

Federal Rule of Civil Procedure 4(e)(1), allows an individual to be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Tennessee Rule of Civil Procedure 4.04(10) expressly allows service by mail. Tenn. R. Civ. P. 4.04(10). However, for service to be effective, the return receipt must be signed by the defendant, a person designated by Rule 4.04, or by statute. *Id.* There is no evidence that any one of these three scenarios occurred here. As this Court has previously explained,

> Rule 4.03(2) requires any party attempting service by mail to file with the clerk "'the original summons . . . ; an affidavit of the person making service setting forth the person's compliance with the requirements of [Rule 4.03(2)]; and, the return receipt . . . .'" *Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (quoting Tenn. R. Civ. P. 4.03(2)). "'*If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete.* If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.'" *Id.* (emphasis in original). In *Hall v. Haynes*, the Supreme Court of Tennessee explained that "Rule 4.03's explicit restriction of whom [sic] may sign the return receipt" generally requires "'that the return receipt be signed by the defendant and no one else.'" *Id.* (quoting Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 2–3(v) (2d ed. 2004)). As an example of that principle, the court discussed *Edwards v. Campbell*, in which the Tennessee Court of Appeals held that the plaintiffs failed to effect service of process by mail under Rule 4.03 even though the wife and mother of the respective defendants had signed the return receipts. *Id.* (citing No. E2000-01463-COA-R3-CV, 2001 WL 52776 (Tenn. Ct. App. Jan. 23, 2001)).

*Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *4 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019). In this case, Certified Mail was not sent to the Defendants' registered agents and to the extent service was sent to the Defendants directly, there is no evidence that the recipients were persons authorized by the Defendants or by law to accept service of process on their behalf.

4

For the reasons stated herein, Plaintiff's Motions for Entry of Default (Doc. Nos. 13 and 14) are **DENIED** without prejudice.

s/ Lynda M. Hill  
Lynda M. Hill  
Clerk of Court