IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PORTER FAMILY LIMITED PARTNERSHIP, | ) ) ) |
| Plaintiff, | ) ) Case No. 3:21-cv-00871 ) |
| v. | ) Judge Eli J. Richardson ) Magistrate Judge Barbara D. Holmes |
| ST BRANDS, INC., CROPSHARE AMERICA, INC., JASON FRANKOVICH, and DAVID CONKLING, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT

Pending are two Motions for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) against Defendants CropShare America, Inc. and ST Brands, Inc. (Doc. Nos. 35 and 36). For the following reasons and pursuant to Local Rule 7.01(b), Plaintiff's Motions are **DENIED** without prejudice.

On July 1, 2022, the Clerk entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 33). On July 5, 2022, Plaintiff filed the pending Motions for Default Judgment against Defendants seeking an award of damages in the amount of $600,000 plus interest and costs. (Doc. Nos. 35, 35-1, 36, and 36-1). Plaintiff provided no supporting documentation for its damages claim.

The Clerk finds that default judgment pursuant to Federal Rule 55(b) is not appropriate at this time. Following entry of default pursuant to Federal Rule of Civil Procedure 55(a), parties may seek default judgment pursuant to Rule 55(b). However, Rule 54(b) is also implicated where, as here, default judgment is sought against fewer than all defendants. Under the terms of Rule

1

54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Federal courts have long followed a general rule that, when default is entered against fewer than all defendants in a multi-defendant action in which joint liability is claimed, default judgment should be withheld until merits determinations are made for those defendants not in default." *De'Mario Driver v. Fabish*, No. 3:13-CV-01087, 2017 WL 413719, at *2 (M.D. Tenn. Jan. 31, 2017), *report and recommendation adopted sub nom. Driver v. Fabish*, No. 13CV-01087, 2017 WL 998071 (M.D. Tenn. Mar. 15, 2017). Plaintiff's claims remain pending against two individual defendants, Jason Frankovich and David Conkling. Additionally, the facts of this case do not compel a finding of "no just reason for delay" required for default judgment as to fewer than all defendants.

Finally, the Clerk finds that Plaintiff's Motions fail to establish damages for a sum certain as required by Federal Rule of Civil Procedure 55(b)(1). Upon entry of default, well-pleaded allegations relating to liability are taken as true. *In Re: Family Resorts of America, Inc.*, No. 91-4127, 1992 WL 174539, at *4 (6th Cir. July 24, 1992). However, default is not considered an admission of damages. *Long v. Morgan*, 451 F. Supp. 3d 830, 832 (M.D. Tenn. 2020). The court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* at 832–33. Default judgment may be entered by the Clerk only "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). A "claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default. *De'Mario Driver v. Fabish*, No. 3:13-CV-01087, 2017 WL 413719, at *1 (M.D. Tenn. Jan. 31, 2017), *report and recommendation adopted sub nom. Driver v. Fabish*, No. 13CV-01087, 2017 WL 998071 (M.D. Tenn. Mar. 15, 2017). A "[p]laintiff cannot satisfy the certainty requirement simply by requesting a specific

2

amount." 10A Wright and Miller, Fed. Prac. & Proc. Civ. § 2683 (4th ed.). Plaintiff's supporting Affidavits provide nothing other than an unsupported request for damages in the amount of $600,000 plus interest in costs. Such bare assertions are insufficient to support default judgment.

Accordingly, Plaintiff's Motions for Default Judgment against CropShare America, Inc. and ST Brands, Inc., (Doc. Nos. 35 and 36), pursuant to Federal Rule 55(b)(1) are **DENIED** without prejudice to refiling after adjudication of the claims pending against the remaining defendants and with support for its damages claim.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court