IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PORTER FAMILY LIMITED PARTNERSHIP, ) ) ) | |
| Plaintiff, ) ) | Case No. 3:21-cv-00871 |
| v. ) ) ) | Judge Eli J. Richardson<br>Magistrate Judge Barbara D. Holmes |
| ST BRANDS, INC., CROPSHARE AMERICA, INC., JASON FRANKOVICH, and DAVID CONKLING, ) ) ) ) | |
| Defendants. ) | |

## ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT

Pending are two Motions for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) against Defendants Jason Frankovich and David Conkling. (Doc. Nos. 37 and 38). For the following reasons and pursuant to Local Rule 7.01(b), Plaintiff's Motions are **DENIED** without prejudice.

On May 15, 2022, alias Summonses were issued as to Jason Frankovich and David Conkling at "C/O: ST Biosciences (Regus), 14 Wall Street, 20th Floor, Manhattan, NY 10005. (Doc. No. 19). On June 2, 2022, U.S. Marshals Service Process Receipts and Returns ("Returns") were filed. (Doc. Nos. 31 and 32). Both Returns indicate that process was served upon "Carmen Frank – Regus Reception" on April 28, 2022. *Id.* Carmen Frank was served at the "Regus Location - ST Biosciences" business address. *Id.* On July 5, 2022, Plaintiff filed the pending Motions for Entry of Default. (Doc. Nos. 37 and 38). In support of the Motions, Plaintiffs filed the Affidavit of Isaac Conner. (Doc. No. 37-1 and 38-1).

1

Pursuant to Local Rule 55.01,

> Motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration.

L.R. 55.01.

The Clerk finds that Plaintiff has not yet met its burden to verify proof of service upon the individuals as required by Local Rule 55.01(i). Under the Federal Rules of Civil Procedure, individuals may be served by

> (A) delivering a copy of the summons and the of the complaint to the individual personally;
>
> (B) leaving a copy of the summons and of the complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). As reflected in the Returns, the U.S. Marshals Service did not serve the Defendants personally or in a manner authorized by Rule 4(e)(2). Instead, they served "Carmen Frank – Regus Reception" at the "Regus Location - ST Biosciences" business address. (Doc. Nos. 31 and 32).

Individuals may also be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Tennessee Rules of Civil Procedure require either service upon the individual personally, or if the party evades service,

upon a person of suitable age and discretion who resides at the individual's dwelling house or usual place of abode. Tenn. R. Civ. P. 4.05(1)(a) and 4.04(1). By serving Carmen Frank, Plaintiff has not secured service on Defendants under Tennessee law.

Under New York law, where service by the Marshals Service was attempted, personal service can be achieved by

> delivering the summons . . . to a personal of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other . . . .

N.Y. C.P.L.R. 308(2) (McKinney). Because New York law allows personal service to someone other than the defendant at his or her place of business, Plaintiff may have secured service upon the Defendants; however, Plaintiff's Motions and supporting Affidavits fail to provide sufficient information to verify that the "Regus Location – ST Biosciences" is the "actual place of business" for Defendants. The New York Civil Practice Laws and Rules define "actual place of business" as "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." N.Y. C.P.L.R. 308(6) (McKinney). Furthermore, Plaintiff fails to confirm that Carmen Frank is employed by Defendants' actual place of business and is of "suitable age and discretion." As a result, Plaintiff has yet to satisfy the requirements of Local Rule 55.01(i).

Finally, the Clerk finds that Plaintiff has failed to satisfy the requirements of Local Rule 55.01(iv) as the Connor Affidavit does not provide information regarding the Defendants' military service sufficient to satisfy the Servicemembers Civil Relief Act (SCRA) or Local Rule 55.01(iv). Connor's Affidavit states only that, "[b]oth Defendants are not minors, incompetent, nor enlisted in military service." (Doc. Nos. 37-1 and 38-1). The SCRA requires a Plaintiff's affidavit include

3

Case 3:21-cv-00871   Document 42   Filed 07/07/22   Page 3 of 4 PageID #: 179

"necessary facts" to support the affidavit's conclusion that the defendant is not in military service. 50 U.S.C. § 3931(b)(1)(A)(B). "The [SCRA] affidavit must include more than a 'bare assertion' based 'upon information and belief,' but must set forth specific facts establishing the plaintiff's efforts to determine whether the defendant is in military service." *Broadcast Music, Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 10687792, at *3 (E.D. Tenn. Sept. 29, 2009). Local Rule 55.01 requires movants to append to supporting declarations, "[e]vidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service." L.R. 55.01. Plaintiff did not include this required evidence and did not describe any attempts to determine whether "other reliable sources" existed from which Plaintiff could obtain the required information.

For the reasons stated herein, Plaintiff's Motions for Entry of Default (Doc. Nos. 37 and 38) are **DENIED** without prejudice.

s/ Lynda M. Hill<br>
Lynda M. Hill<br>
Clerk of Court