# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PORTER FAMILY LIMITED PARTNERSHIP, | ) ) ) |
| Plaintiff, | ) ) No. 3:21-cv-00871 |
| v. | ) ) Judge Eli J. Richardson |
| | ) Magistrate Barbara D. Holmes |
| ST BRANDS, INC., CROPSHARE AMERICA, INC., JASON FRANKOVICH, DAVID CONKLING, | ) ) ) ) |
| Defendants. | ) ) |

## DEFAULT JUDGMENT

Plaintiff filed two Motions for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). The first motion seeks default judgment against defendant ST Brands, Inc. ("ST Brands"). (Doc. No. 60). The second motion seeks default judgment against CropShare America, Inc. ("CropShare"). (Doc. No. 61). For the following reasons both Motions for Default Judgment are **GRANTED** in part and **DENIED** in part.

Plaintiff filed its Complaint on November 18, 2021. (Doc. No. 1). Alias Summonses were issued as to Defendants on March 22, 2022. (Doc. No. 24). On April 12, 2022, Plaintiff filed Proof of Service declarations signed by Chukwudi Echetebu. (Doc. Nos. 25 and 26). Attached to the Proof of Service declarations are signed Certified Mail return receipts, properly addressed to the registered agent, dated March 28, 2022. (Doc. Nos. 25-1 and 26-1). Plaintiff filed Motions for Entry of Default on April 21, 2022. (Doc. Nos. 29 and 30). The Clerk granted the Motions and entered default against Defendants on July 1, 2022. (Doc. No. 33).

1

Plaintiff now seeks default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(b)(1). (Doc. Nos. 60 and 61). In support, Plaintiff submits the Declarations of Isaac Conner. (Doc. No. 60-3 and 61-3). Plaintiff's Motions and Connor's Declarations provide financial records supporting their claim for recovery of $680,027.00 against Defendants. Plaintiff also seek recovery of costs and attorney's fees. To date, the Defendants have not entered an appearance or otherwise responded to the pending Motions.

Upon entry of default, well-pleaded allegations relating to liability are taken as true. *In Re: Family Resorts of America, Inc.*, No. 91-4127, 1992 WL 174539, at *4 (6th Cir. July 24, 1992). Thereafter, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the Clerk may enter default judgment "on the plaintiff's request with an affidavit showing the amount due." Fed. R. Civ. P. 55(b)(1). Upon review of Plaintiff's Motions for Default Judgment (Doc. Nos. 60 and 61), the Declarations of Isaac Connor, supporting exhibits, and the record as a whole, the Clerk finds the Motions should be granted in part and denied in part without prejudice. Plaintiff's Motions are denied without prejudice only to the extent they seek recovery of attorney's fees.

With regard attorneys' fees, such claims are not for a sum certain or a sum that can be made certain by computation under Rule 55(b)(1). "The award of an attorney's fee, whether pursuant to agreement or statute, must be reasonable and not excessive. Such an award should only take account of work actually performed, and fees actually incurred. The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates" *Graceland Fruit, Inc. v. KIC Chemicals, Inc.*, 320 Fed. Appx. 323, 328 (6th Cir. 2008) (internal citations omitted). The need for the Court to determine what constitutes a "reasonable" attorney fee precludes the Clerk of Court from entering a default judgment under Rule 55(b)(1). *Van Zeeland Oil Co., Inc. v. Lawrence Agency, Inc*., No. 2:09-cv-150, 2009 WL

10678619, at *1 (W.D. Mich. Sept. 28, 2009). As a result, Plaintiff's Motions, to the extent they seek recovery of attorneys' fees, are **DENIED** without prejudice to refiling pursuant to Local Rule 54.01(b).

The Clerk otherwise **GRANTS** Plaintiff's Motions for Default Judgment against Defendants ST Brands, Inc. and CropShare America, Inc., jointly and severally, in the amount of $680,027.00, plus post-judgment interest as provided by 28 U.S.C. §1961. Plaintiff may move for taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.01(a).

                                                     s/ Lynda M. Hill
                                                     Lynda M. Hill
                                                     Clerk of Court